# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv200

| | | |
|---|---|---|
| **THOMAS J. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **INGLES; SUNNY CLARK, Head of** | ) | |
| **Security; WACKENHUT CORP.;** | ) | |
| **MAJ. TERRY NORRIS; EXECUTIVE** | ) | |
| **SECURITY SERVICES; and BOB** | ) | |
| **COPELAND, owner,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendants Ingles markets, Inc.'s and Sunny Clark's Motion to Dismiss. Plaintiff is proceeding pro se and will be advised of his obligation to respond and the time for doing so. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that defendants have filed a Motion to Dismiss contending that he has failed to state a cause of action against it and has asserted other grounds for dismissal. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, plaintiff must show that he has made sufficient allegations to support a cause of action against such defendants that is recognized by law. Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support

the asserted claim for relief. <u>Taubman Realty Group LLP v. Mineta</u>, 320 F. 3d 475, 479 (4th Cir. 2003); <u>Migdal v. Rowe Price-Fleming Intl Inc.</u>, 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in <u>Conley</u>, <u>supra</u>, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under <u>Twombley</u>, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." <u>Id.</u> Such decision has been further clarified:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). While the court accepts <u>plausible</u> factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP</u>, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

<u>Migdal</u>, at 326 (citations and internal quotations omitted). In addition, a court cannot

"accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Plaintiff is also advised that defendants have also moved to dismiss under Rules 12(b)(2), (4), and (5). Plaintiff is advised that he is obligated to show the court that it has personal jurisdiction over these defendants, that proper process (the summons and complaint) was served, and that such process was sufficiently served.

Finally, plaintiff is advised that he has until July 27, 2009, to file his response, and that such response must be served on all the other parties, and that he must include a certificate of service indicating the manner in which he served such parties.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendants Motion to Dismiss (#12) not later than July 27, 2009.

Signed: July 13, 2009

Dennis L. Howell
United States Magistrate Judge